IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>MAX L. ARY,<br><br>        Defendant. | Case No. 05-10053-01-JTM |

**MEMORANDUM AND ORDER**

      This matter comes before the court on the defendant's Motion for a Bill of Particulars (Dkt. No. 14). Defendant asks that the government be required to provide the following information: 1) particulars about the duties which Mr. Ary is claimed to have violated in connection with the alleged criminal act of theft of honest services; 2) the specific material misrepresentations he is claimed to have made in pursuit of his alleged criminal scheme to defraud; 3) the actual items defendant is claimed to have stolen or used in some criminal scheme to defraud; and 4) the actual property that is alleged to have been transported across state lines. The government responds that defendant is asking for the government's evidence and work product rather than the disclosure of legal theories and facts. The government further states that it disclosed 15,000 pages of evidence during the last week of May 2005, so defendant has the requested information. The court held a hearing on defendant's motion on June 14, 2005. For the reasons set forth herein and announced at the hearing, the court denies defendant's motion.

" 'The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.' " United States v. Dunn, 841 F.2d 1026, 1029 (10th Cir. 1988) (quoting United States v. Cole, 755 F.2d 748, 760 (11th Cir. 1985)). "[T]he defendant is 'not entitled to know all the evidence the government intends to produce, but only the theory of the government's case.' " Dunn, 841 F.2d at 1030 (quoting United States v. Giese, 597 F.2d 1170, 1181 (9th Cir. 1979), cert. denied, 444 U.S. 979 (1979)). "An indictment is sufficient 'if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend and if it enables a defendant to assert an acquittal or conviction in order to prevent being placed in jeopardy twice for the same offense.' " United States v. Poole, 929 F.2d 1476, 1479 (10th Cir. 1991) (quoting United States v. Staggs, 881 F.2d 1527, 1530 (10th Cir. 1989), cert. denied, 493 U.S. 1020 (1990)). "Though it may provide more information, a bill of particulars is not intended to serve as a discovery device or to compel the government's disclosure of the factual proof planned for trial." United States v. Coe, 1994 WL 539298 *4 (D. Kan. Aug. 31, 1994) (citing Dunn, 841 F.2d at 1029.) "Nor is it a way to require the government's explanation of the legal theories expected at trial." Id. (citing United States v. Gabriel, 715 F.2d 1447, 1449 (10th Cir. 1983)).

Unless the request for the bill of particulars shows, on its face, that failure to grant the request would result in prejudicial surprise, the preclusion of an opportunity for meaningful defense preparation, [or double jeopardy problems,] defendant has the burden of showing that his or her request meets one of the three criteria. U.S. v. Anderson, 31 F.Supp.2d 933, 938 (D. Kan. 1998). United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987) (citing United States v.

Thevis, 474 F. Supp. 117, 123-24 (N.D. Ga. 1979)). "The extent of the government's disclosures to the defendant should be a factor in determining whether or not a bill of particulars should be ordered." U.S. v. Anderson, 31 F. Supp. 2d 933, 938 (D. Kan. 1998). See U.S. v. Ivy, 83 F.3d 1266, 1281-82 (10th Cir. 1996). The sufficiency of an indictment is judged "by practical rather than technical considerations." United States v. Edmonson, 962 F.2d 1535, 1541 (10th Cir. 1992). The district court has broad discretion in deciding a motion for bill of particulars. Id. See also Fed. R. Crim. P. 7(f).

     Given the level of detail in the indictment and extensive factual allegations preceding the specific counts, the court finds that the government has adequately disclosed its legal theories and set out the elements of the charges. The government has identified the specific items related to each count and the transactions that triggered mail and wire fraud. Furthermore, the government represents that it disclosed 15,000 pages of evidence during the last week of May 2005. Under these circumstances, the court is not convinced that a bill of particulars is necessary for defendant to defend against the charges in this case. There is no concern that defendant will be unable to prepare his defense, be surprised at trial, or plead double jeopardy.

     During oral arguments, the government offered to write a letter answering defendant's questions as to what items are in question in each count. The court adopts the government's recommendation.

IT IS ACCORDINGLY ORDERED this 21st day of June, 2005, that the court denies defendant's Motion for a Bill of Particulars (Dkt. No. 14).

        s/ J. Thomas Marten
        J. THOMAS MARTEN, JUDGE